JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Tony T. Gaines appeals his convictions for two counts of aggravated vehicular homicide and one count of failing to stop after an accident.
Pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, Gaines's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Gaines's appeal. Appellate counsel has communicated his conclusions to Gaines, has afforded him the opportunity to respond, and has moved this court for permission to withdraw as counsel. Counsel has presented the court with a list of issues that Gaines wishes this court to consider. Gaines has also responded with a separate filing listing several other issues for this court's consideration. Counsel now requests that this court conduct an independent review of the record to determine whether the proceedings in the trial court were free from prejudicial error. See Freels v. Hills (C.A.6, 1988), 843 F.2d 958; State v. Mackey
(Dec. 17, 1999), 1st Dist. No. C-990302.
After reviewing the entire record and considering the issues raised by Gaines, we are satisfied that Gaines's counsel has provided his client with a diligent and thorough search of the record and that he has correctly concluded that the proceedings below were free from prejudicial error. See Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346. We find no grounds to support a meritorious appeal. Accordingly, we affirm the trial court's judgment, and we overrule counsel's motion to withdraw. We find the appeal to be frivolous under App.R. 23 and without "reasonable cause" under R.C. 2505.35, but we refrain from taxing costs and expenses against Gaines because he is clearly indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman and Sundermann, JJ.